# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11816
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYNE LAMARR WORLEY, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-108-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wayne Lamarr Worley, Jr. appeals his below-guidelines-range sentence of 188 months imposed following his guilty plea to possession with intent to distribute methamphetamine. Worley argues that the district court erred in accepting the drug quantity calculation in the presentence report because the information in the presentence report (PSR) lacked sufficient indicia of reliability.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11816

Worley asserts that his argument is foreclosed by this Circuit's precedent but seeks to preserve it for further possible review. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). The Government has filed a motion for a summary affirmance or, alternatively, for an extension of time to file a merits brief.

Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Although a district court ordinarily may rely on the PSR if there is no rebuttal evidence, a defendant may still argue that the PSR does not have sufficient indicia of reliability because the findings are conclusional and rely on incorrect facts. *See United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993). Because the reliability of a PSR is thus dependent on the facts of the particular case, summary affirmance is not an appropriate disposition.

Nevertheless, on the facts of this case, Worley's arguments fail. The defendant has the burden of presenting evidence to show that the facts contained in the PSR are inaccurate or materially untrue. *See Alaniz*, 726 F.3d at 619. Worley did not rebut the detailed findings in the PSR concerning the estimate of the drug quantity attributed to him were not reliable or credible. The district court's factual findings were plausible in light of the record as a whole and, thus, the findings were not clearly erroneous. *Id.* at 618.

Accordingly, the sentence is AFFIRMED, the Government's motion for summary affirmance is DENIED, and the Government's alternative motion for an extension of time to file a brief is DENIED.